**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

NOV 0 7 2013

DAVID J MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 1:13-CR-117 |
| | § | (JUDGE THAD HEARTFIELD) |
| JIANJUN MA (1) | § | |
| a/k/a "Paul" | § | |
| LIANG GAO (2) | § | |
| SHOUFANG JIANG (3) | § | |
| JIANG PING ZHANG (4) | § | |
| GUO LE CHEN (5) | § | |
| XIANGHONG SUN (6) | § | |
| WEN JIAN WEN (7) | § | |
| XIAO FENG ZHU (8) | § | |
| YAN MAO (9) | § | |
| YIP KEUNG LEUNG (10) | § | |
| SELENA FENG (11) | § | |
| ZONGXIAN ZHU (12) | § | |
| JING HENG JIANG (13) | § | |
| HUA LIN (14) | § | |
| HOUNG CHEN (15) | § | |
| JIN ZHU FANG (16) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Introduction to all Counts

(1)    Section 274A of the Immigration and Nationality Act (INA), as amended

by the Immigration Reform and Control Act of 1986, requires employers to hire only

United States citizens and aliens who are authorized to work in the United States.

Employers must verify the employment eligibility of any persons hired after November 6,

1

1986, using the Employment Eligibility Verification Form (I-9). The employer is required to examine, at the time of hire, the documentation provided by the individual that establishes his identity and employment eligibility, and to ensure that the documents presented appear to be genuine and relate to the individual. The employer must retain the Form I-9 for three (3) years after the date of the hire or one (1) year after the date the individual's employment is terminated, whichever is later. In general, it is unlawful for a person or other entity to hire, or recruit or refer for a fee, for employment in the United States an alien knowing the alien is an unauthorized alien with respect to such employment as indicated in the above described employment eligibility verification process. Further, Section 274A of the INA stipulates it is unlawful for a person or entity, after hiring an alien for employment, to continue to employ the alien in the United States knowing the alien is (or has become) an unauthorized alien with respect to such employment.

(2)     The United States Department of Treasury, Internal Revenue Service (IRS) is an agency of the United States responsible for the administration and collection of employment related and income taxes for both businesses and individuals operating within the United States. The term "payroll taxes" includes federal withholding income taxes, Social Security taxes, Medicare taxes, and federal unemployment taxes.

(3)     Throughout the United States, each state has its own State Workforce Agency (SWA) responsible for the administration and collection of employment related and / or income taxes for both businesses and / or individuals operating within that state.

2

The term "payroll taxes" includes state income taxes, unemployment taxes, and / or other applicable taxes.

## Count One

Violation: 18 U.S.C. § 1962(d)
(RICO Conspiracy)

## General Allegations

(4)      At all times material to this indictment, defendants **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen**, and others known and unknown to the Grand Jury, were members and associates of an enterprise referred to as the Tai Shan Enterprise, an organization engaged in, among other things, recruiting and placing unauthorized aliens to work in restaurants throughout the state of Texas, and elsewhere, for a fee.  This organization also transported the unauthorized aliens to the restaurants where they would work and be housed by the restaurant owners / operators during their employ.  At times, the organization also housed the unauthorized aliens pending their transport to the restaurants to work.

## The Racketeering Enterprise

(5)      **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen**, and others both known and unknown to the Grand Jury, were members and associates of the Tai Shan Enterprise. The Tai Shan Enterprise, including its leadership, members, and associates constituted an enterprise, as that term is defined in 18 U.S.C. § 1961(4), that is, a group of individuals associated in fact. The Tai Shan Enterprise constituted an ongoing organization whose members functioned as a

continuing unit for the common purpose of achieving the objectives of the Tai Shan
Enterprise, which was engaged in, and the activities of which, affected interstate
commerce.

### Purposes of the Tai Shan Enterprise

(6)     The Tai Shan Enterprise's purposes were to:

a.     Accept, solicit, and recruit unauthorized alien workers, and persons
believed by the defendants to be unauthorized alien workers, for employment in
the United States.

b.     Arrange for, and cause the unlawful employment of, unauthorized
alien workers primarily in Chinese and Chinese owned / operated restaurants in
the United States for a fee.

c.     Transport, and cause the transportation of, unauthorized alien
workers within the United States for whom the defendants arranged employment
in the United States.

d.     Harbor, and cause to be harbored, for a fee, unauthorized alien
workers in vehicles and domiciles within the United States.

e.     Receive commercial advantage or private financial gain by
employing, transporting, and harboring unauthorized alien workers, and by
arranging for the employment, transportation and harboring of unauthorized alien
workers in the United States.

4

### Means and Methods of the Tai Shan Enterprise

(7)     **Jianjun Ma, a/k/a "Paul,"** operated the Tai Shan Employment Agency, an incorporated business, registered with the Texas Secretary of State (Filing #800383395) since August 30, 2004, in Harris County, Texas. Tai Shan Employment Agency is an employment referral business located at 9115 Bellaire Blvd., #119, Houston, Texas, in the Southern District of Texas. It was through this job referral agency that **Jianjun Ma, a/k/a "Paul,"** and others conducted the affairs of the Tai Shan Enterprise, namely, the unlawful recruitment, inducement, harboring, and transportation of unauthorized aliens to work in the United States.

(8)     **Jianjun Ma, a/k/a "Paul,"** personally and with others, recruited unauthorized aliens for work in the restaurant industry and then transported them to restaurants to work, all the while concealing, harboring, and encouraging and inducing them to reside in the United States. Clients of the Tai Shan Enterprise were Chinese restaurants or other Chinese owned restaurants located in several states, to include Texas, Louisiana, Oklahoma, Arkansas, and Colorado.

(9)     The workforce supplied by the Tai Shan Enterprise was predominantly comprised of Hispanic unauthorized aliens from Mexico and Central America illegally in the United States. A workforce of this demographic was specifically sought and employed by the Tai Shan Enterprise for commercial advantage and private financial gain.

(10)    More specifically, the Tai Shan Enterprise placed unauthorized alien kitchen workers, food preparers, and dishwashers in budget-priced restaurants specializing in

5

Chinese, Asian, and Asian-related cuisine throughout the United States for a fee. The Tai Shan Enterprise solicited "client" restaurants through commercial advertising in Chinese language newspapers that circulate nationwide in print and digital form.

(11)    The Tai Shan Enterprise used Chinese-language newspaper(s), including World Journal of Texas, and this newspaper's companion Internet website to solicit the Chinese restaurants and offer Hispanic unauthorized alien workers, commonly referred to in this context as "amigos," to them. Following this solicitation, and upon agreement with the restaurant owners, the Tai Shan Enterprise charged fees for the transportation, housing, and delivery of unauthorized alien workers with the fees depending on the length of time an unauthorized alien worker was housed by the Tai Shan Enterprise and how far the unauthorized alien was transported.

(12)    The Tai Shan Enterprise created and distributed business cards, printed in both Chinese and Spanish, to Chinese restaurant owners / operators and Spanish-speaking unauthorized aliens to facilitate this effort. Additionally, the Tai Shan Enterprise also accepted unauthorized alien workers on a "walk-in" basis and utilized Spanish-speaking recruiters to assist with communications in person and / or over the phone. As part of this scheme, these unauthorized alien workers remained and resided in the United States in violation of the law.

(13)    Owners or operators of "client" restaurants in the United States would and did knowingly and / or with reckless disregard routinely hire unauthorized alien workers

in order to staff their restaurant kitchen operations, thereby cutting costs and maximizing profits. In general, these owners / operators of "client" restaurants:

      a.    Required the unauthorized aliens to work long hours with few or no days off;

      b.    Paid the unauthorized aliens in cash, at a rate below minimum wage;

      c.    Did not withhold state and / or federal taxes from the wages paid to unauthorized aliens;

      d.    Did not require the unauthorized aliens to comply with local health standards for restaurant workers in the jurisdictions where they operated;

      e.    Did not require the unauthorized aliens to present documents establishing identity and /or employment eligibility as required by law; and,

    (14)   As an incentive, and in order to remain competitive, these "client" restaurant owners / operators often provided housing, meals, and transportation to their unauthorized alien worker(s).

    (15)   As stated above, the Tai Shan Enterprise advertised and distributed business cards to unauthorized aliens, several of whom are now material witnesses, and others, and utilized the Internet in order to facilitate this effort. Specifically, the Tai Shan Enterprise recruited unauthorized alien workers in the Houston, Texas area and charged them approximately $300 to $480 per person for what they represented as fees for housing while awaiting employment, fees for job placement, and fees for transportation to an employment location. The fee charged to the unauthorized alien was paid by the "client" restaurant owner and / or manager upon receiving an unauthorized alien from the Tai

Shan Enterprise. The exact amount of these fees would then be deducted from the unauthorized alien's first month's salary. The typical monthly salary for the unauthorized aliens employed by the "client" restaurants was between $1,000 and $2,000 per month, depending upon the type of duty the unauthorized alien was assigned to do. The typical monthly salary was based on a schedule of twelve (12) hours per day, six (6) days per week.

(16)   "Client" restaurants of the Tai Shan Enterprise further profited by not allowing unauthorized alien workers to receive "tips," gratuities, overtime compensation, competitive salaries, health insurance, vacation time, sick leave, compensatory time, or other benefits. The "client" restaurants profited further by avoiding payment of employment taxes via cash payment of unauthorized workers' salaries. Unauthorized alien workers did not receive health examinations, food safety training, or job training at any time while employed, resulting in further savings for "client" restaurants.

(17)   "Client" restaurants of the Tai Shan Enterprise profited by harboring unauthorized alien workers in one (1) of several formats beneficial to the "client" restaurant(s). Specifically:

          a.      unauthorized alien workers were harbored in the "client" restaurant operator's residence; or

          b.      unauthorized aliens were harbored in off-site residential locations with multiple other restaurant employees.

(18)   Often, the unauthorized alien workers were subject to unfavorable living conditions due to crowding, lack of privacy, minimal or no furniture, and other adverse

conditions to include sleeping on floors, and / or air mattresses. The unauthorized aliens,

having usually been transported many miles from the Houston, Texas area, had no friends

or family in the vicinity of their place of employment. This aspect of the scheme,

coupled with the poor English language skills typical to the work force recruited by the

Tai Shan Enterprise, made it difficult for the unauthorized alien employees to function

outside their place of employment, for fear of law enforcement and lack of an ability to

assimilate into the community. These factors caused the unauthorized aliens to be more

likely to remain at the Chinese restaurant even though the working and living conditions

were less than desirable.

(19)   The Tai Shan Enterprise failed to comply with Section 274A of the INA,

because it is also unlawful for a person or other entity to hire, or to recruit, or refer for a

fee, for employment in the United States, an individual without complying with the

requirements of the employment verification system.

(20)   The Tai Shan Enterprise recruited, and referred for a fee, employed,

transported, harbored, and encouraged and induced unauthorized aliens to work at

"client" restaurants. The Defendants and their associates knew that the "client"

restaurants, in turn:

      a.     Employed the unauthorized alien in a manner contrary to

immigration law;

      b.     Did not provide for worker's compensation coverage for the

unauthorized alien employees;

c.      Did not provide overtime benefits for the unauthorized alien

employees in accordance with employment regulations, and;

d.      Did not withhold payroll taxes for unauthorized alien employees.

### Roles of the Defendants

(21)    The members of the Tai Shan Enterprise would and did occupy the

following roles, among others, in the Enterprise:

a.      Defendant **Jianjun Ma, a/k/a "Paul,"** is the owner / manager for the

Tai Shan Employment Agency.  As part of the Tai Shan Enterprise, **Jianjun Ma,**

**a/k/a "Paul,"** recruited, referred for employment for a fee, transported, harbored,

and encouraged and induced unauthorized aliens to reside in the United States.

b.      Defendant **Liang Gao** has been identified as a principal driver /

transporter for the Tai Shan Enterprise.  As part of the Tai Shan Enterprise, **Liang**

**Gao** harbored and transported unauthorized aliens and accepted fees for their

delivery to restaurant locations.

c.      Defendant **Shoufang Jiang** has been identified as a principal driver /

transporter for the Tai Shan Enterprise.  As part of the Tai Shan Enterprise,

**Shoufang Jiang** harbored and transported unauthorized aliens and accepted fees

for their delivery to restaurant locations.

d.      Defendant **Jiang Ping Zhang** has been identified as a principal

driver /transporter for the Tai Shan Enterprise. As part of the Tai Shan Enterprise, **Jiang Ping Zhang** harbored and transported unauthorized aliens and accepted fees for their delivery to restaurant locations.

       e.     Defendant **Guo Le Chen** has been identified as a principal driver / transporter for the Tai Shan Enterprise. As part of the Tai Shan Enterprise, **Guo Le Chen** harbored and transported unauthorized aliens and accepted fees for their delivery to restaurant locations.

## The RICO Conspiracy Charge

    (22)    From in or about 2010, the exact date remaining unknown, until November 7, 2013, in the Eastern District of Texas and elsewhere, **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen**, together with other persons known and unknown to the Grand Jury, being persons employed by and associated with the Tai Shan Enterprise, an enterprise which engaged in, and the activities of which affected, interstate commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962 (c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the Tai Shan Enterprise through a pattern of racketeering activity, as that term is defined in 18 U.S.C. § 1961 (1) and 1961(5), consisting of multiple acts indictable under Title 8 U.S.C. § 1324 (relating to bringing and harboring certain aliens for the purpose of financial gain).

    (23)    It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two (2) acts of racketeering activity in the conduct of the affairs of the Enterprise.

## OVERT ACTS

(24)    In furtherance of the conspiracy and to effect the objects thereof, one or more of the defendants committed and caused to be committed the following overt acts in the Eastern District of Texas and elsewhere.

(25)    On or about June 25, 2010, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, discussed the transport and job placement of a confidential source (CS1), who was posing as an unauthorized alien, in Houston, Texas, by offering him / her a job in a Chinese restaurant in the state of Arkansas.

(26)    On or about March 15, 2011, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, discussed the transport and job placement of a confidential source (CS4), who was posing as an unauthorized alien, in Houston, Texas, by offering him / her a job in a Chinese restaurant within the state of Texas.

(27)    On or about March 16, 2011, **Jianjun Ma, a/k/a "Paul,"** a confidential source (CS4), who was posing as an unauthorized alien, and others known and unknown, in recorded conversations, discussed the transport and job placement of CS4 from Houston, Texas to a Chinese restaurant in Brownwood, Texas (Western District of Texas) for a fee.

(28)    On or about March 16, 2011 **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, caused the transportation and job placement of a confidential source

(CS4), who was posing as an unauthorized alien, to a Chinese restaurant in Brownwood, Texas (Western District of Texas) for a fee.

(29) On or about May 11, 2011, **Jianjun Ma a/k/a "Paul,"** in a recorded conversation in Houston, Texas, in the presence of a confidential source (CS4), posing as an unauthorized alien, and others known and unknown, discussed dishwasher jobs over a mobile phone and stated an "experienced Guatemalan won't move for a wage less than one-thousand-three-hundred (1,300)."

(30) On or about May 11, 2011, **Jianjun Ma, a/k/a "Paul," Guo Le Chen,** a confidential source (CS4) posing as an unauthorized alien, and others known and unknown, in recorded conversations, discussed the transport and job placement of CS4, who was posing as an unauthorized alien, from Houston, Texas to an Asian restaurant in Nacogdoches, Texas (Eastern District of Texas).

(31) On or about May 11, 2011, **Guo Le Chen** drove a confidential source (CS4), posing as an unauthorized alien, from Houston, Texas, to an Asian restaurant in Nacogdoches, Texas (Eastern District of Texas) where he / she was delivered to the restaurant owner and / or operator for a fee.

(32) On or about June 6, 2011, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, caused the transportation of two (2) unauthorized aliens, Jose Ruis-Martinez and Martin Ramirez-Matul, to Wise County, Texas (Northern District of Texas), with the intent to place them for employment in a Chinese restaurant for a fee.

(33) On or about June 6, 2011, **Guo Le Chen** drove two (2) unauthorized aliens, Jose Ruis-Martinez and Martin Ramirez-Matul, to Wise County, Texas (Northern District

of Texas), with the intent to place them for employment in a Chinese restaurant for a fee. The two (2) unauthorized aliens were arrested by law enforcement and each had a Tai Shan business card in his possession.

(34)   On or about July 6, 2011, a confidential source (CS3) asked, "I don't have papers, no problem, right?" in the presence of **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, in a recorded conversation, in Houston, Texas.

(35)   On or about July 6, 2011, **Jianjun Ma, a/k/a "Paul,"** a confidential source (CS3), and others known and unknown, in recorded conversations, discussed the transport and job placement of CS3, who was posing as an unauthorized alien, from Houston, Texas to a Chinese restaurant in the state of Louisiana.

(36)   On or about July 7, 2011, **Jianjun Ma, a/k/a "Paul,"** in a recorded conversation in Houston, Texas, identified a confidential source (CS3) as a "young fellow from Honduras," while **Jianjun Ma, a/k/a "Paul,"** was on the phone soliciting a restaurant to hire CS3.

(37)   On or about July 7, 2011, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, caused the transport and job placement of a confidential source (CS3), who was posing as an unauthorized alien, for a fee, to a Chinese restaurant in Bastrop, Louisiana (Western District of Louisiana), via the Eastern District of Texas.

(38)   On or about March 6, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, in recorded conversations, discussed the transport and job placement of a confidential source (CS4), who was posing as an unauthorized alien, from Houston, Texas, to a Chinese restaurant in the state of Louisiana.

(39)   On or about March 6, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown caused the transport and job placement of a confidential source (CS4), who was posing as an unauthorized alien, for a fee, to a Chinese restaurant in Abbeville, Louisiana (Eastern District of Louisiana), via the Eastern District of Texas.

(40)   On or about March 9, 2012, **Jianjun Ma, a/k/a "Paul,"** in a recorded conversation in Houston, Texas, discussed finding a job for a confidential source (CS4), who was posing as an unauthorized alien, although CS4 identified himself / herself as "an illegal."

(41)   On or about September 14, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, in recorded conversations occurring in Houston, Texas, talked to a confidential source (CS4), who identified himself / herself as an unauthorized alien, about employment in a Chinese restaurant.

(42)   On or about December 11, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, in recorded conversations, arranged the transport and job placement of a "Mexican dishwasher," identified by **Jianjun Ma, a/k/a "Paul,"** as being "from Guatemala," at a Chinese restaurant in Dallas, Texas (Northern District of Texas) for a fee.

(43)   On or about December 11, 2012, **Liang Gao** drove an unauthorized alien, Roberto Antonio Olmos-Rivera, for a fee, to the same Chinese restaurant in Dallas, Texas (Northern District of Texas) that **Jianjun Ma, a/k/a "Paul,"** negotiated with earlier this same date.

15

(44)   On or about December 13, 2012, **Jianjun Ma, a/k/a "Paul," and Liang Gao,** in a recorded conversation, discussed the transport and job placement of a "Mexican worker" in a restaurant in the state of Louisiana.

(45)   On or about December 13, 2012, **Jianjun Ma, a/k/a "Paul," and Liang Gao,** in a recorded conversation, discussed the availability, transport, and job placement of "Mexicans" in a restaurant in the state of Arkansas.

(46)   On or about December 15, 2012, **Jianjun Ma, a/k/a "Paul"** caused the transportation and job placement of an unauthorized alien, Daniel Segovia-Cruz, at a Chinese restaurant in Pleasanton, Texas (Western District of Texas) for a fee.

(47)   On or about December 15, 2012, **Shoufang Jiang** drove an unauthorized alien, Daniel Segovia-Cruz, to a Chinese restaurant in Pleasanton, Texas (Western District of Texas) for a fee.

(48)   On or about December 15, 2012, **Jianjun Ma, a/k/a "Paul,"** and an unindicted restaurant employee, in a recorded conversation, discussed the delivery of Daniel Segovia-Cruz, identified in this conversation as the "Mexican," and the fact **Shoufang Jiang** led "the Mexican" through the front of the Chinese restaurant and was paid the three-hundred-ninety dollar ($390) fee in view of restaurant customers.

(49)   On or about December 17, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, in a recorded conversation, discussed the hiring of an employee, identified as an "Mexican dishwasher," for a Chinese restaurant in Minden, Louisiana (Western District of Louisiana) for a fee.

(50)    On or about December 17, 2012, **Jiang Ping Zhang** drove an unauthorized alien, Sixto Saravia-Coreas, to the same Chinese restaurant in Minden, Louisiana (Western District of Louisiana), via the Eastern District of Texas, for a fee, that **Jianjun Ma, a/k/a "Paul,"** negotiated with, in a recorded conversation, on or about this same date, December 17, 2012.

(51)    On or about December 18, 2012, **Jianjun Ma, a/k/a "Paul,"** and **Shoufang Jiang,** in recorded conversations, discussed a "Mexican" and "Mexican workers," their pending transport, and **Shoufang Jiang's** expected return to Houston, Texas.

(52)    On or about December 18, 2012, **Jianjun Ma, a/k/a "Paul,"** instructed **Shoufang Jiang,** in a recorded conversation, how to handle being followed by "undercover officers in plain clothes," and the importance of **Shoufang Jiang** calling **Jianjun Ma, a/k/a "Paul,"** immediately, if such activity occurs, because "there are a lot of Mexicans going in and out of here, I don't want them to think they're here selling drugs, so I don't want to have any trouble."

(53)    On or about December 19, 2012, **Jianjun Ma, a/k/a "Paul,"** and an unidentified restaurant operator, in recorded conversations, negotiated the transport and job placement, for a fee, of an individual identified as "a Mexican dishwasher" to a Chinese restaurant in New Orleans, Louisiana (Middle District of Louisiana).

(54)    On or about December 19, 2012, **Jianjun Ma, a/k/a "Paul,"** caused the transportation and job placement of an unauthorized alien, Carlos Tiuporoj, for a fee, to a Chinese restaurant in St. Martinsville, Louisiana (Western District of Louisiana), via the Eastern District of Texas.

(55)   On or about December 19, 2012, **Jiang Ping Zhang** drove an unauthorized alien, Carlos Tiuporoj, for a fee, to a Chinese restaurant in St. Martinsville, Louisiana (Western District of Louisiana), via the Eastern District of Texas.

(56)   On or about December 19, 2012, **Jianjun Ma, a/k/a "Paul," and Shoufang Jiang,** in a recorded conversation, discussed the lack of "Mexicans" available for transport at that time and the closing of Tai Shan for the day.

(57)   On or about December 26, 2012, **Jianjun Ma, a/k/a "Paul,"** instructed **Shoufang Jiang,** in a recorded conversation to, "pick up a Mexican," and "deliver the Mexican." **Shoufang Jiang** agreed and **Jianjun Ma, a/k/a "Paul,"** told **Shoufang Jiang** to come to the office.

(58)   On or about January 6, 2013, **Jianjun Ma, a/k/a "Paul," Shoufang Jiang,** and an unidentified restaurant operator, in recorded conversations, negotiated the transport and job placement, for a fee, of two (2) individuals identified as "those two Mexicans" to a Chinese restaurant in the state of Colorado.

(59)   On or about January 8, 2013, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, arranged for the transport and intended job placement of an unauthorized alien, Jorge Lagunas-Estrada, to San Jacinto County, Texas (Southern District of Texas), via the Eastern District of Texas, with the intent to place them for employment in a Chinese restaurant for a fee.

(60)   On or about January 8, 2013, **Jiang Ping Zhang** drove an unauthorized alien, Jorge Lagunas-Estrada, to San Jacinto County, Texas (Southern District of Texas), via the Eastern District of Texas with the intent to place him in a Chinese restaurant for a

fee. Law enforcement officers stopped **Jiang Ping Zhang** for a traffic violation and arrested Jorge Lagunas-Estrada for immigration violations.

(61)   On or about January 8, 2013, **Jianjun Ma, a/k/a "Paul," and Jiang Ping Zhang,** in a recorded conversation, discussed the concealment from law enforcement during a traffic stop, of paperwork related to the job placement and transportation of an unauthorized alien, Jorge Lagunas-Estrada.

(62)   On a date between on or about November 2012, through on or about January 10, 2013, **Jianjun Ma, a/k/a "Paul,"** placed and caused the transportation of an unauthorized alien, Martin Medina-Sanchez, to a Chinese restaurant in Bandera, Texas (Western District of Texas).

All in violation of 18 U.S.C. § 1962(d)

## Count Two

Violation: 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Conspiracy to transport, harbor, and encourage and induce aliens to reside in the U.S.)

Jianjun Ma, a/k/a "Paul,"
Liang Gao,
Shoufang Jiang,
Jiang Ping Zhang,
Guo Le Chen,
Xianghong Sun,
Wen Jian Wen,
Xiao Feng Zhu,
Yan Mao,
Yip Keung Leung,
Selena Feng,

19

**Zongxian Zhu,**
**Jing Heng Jiang,**
**Hua Lin,**
**Houng Chen,**
and,
**Jin Zhu Fang,**

did combine, conspire, confederate, agree, and have a tacit understanding with each other

and others known and unknown to the Grand Jury to commit the following offenses for

commercial advantage and private financial gain:

a.      To transport and move aliens within the United States by means of

transportation or otherwise, in furtherance of such violation of law, knowing and in

reckless disregard of the fact that aliens have come to, entered and remained in the United

States in violation of law, in violation of Title 8, United States Code, Section 1324

(a)(1)(A)(ii);

b.      To conceal, harbor, and shield from detection and attempt to conceal,

harbor, and shield from detection aliens in any place, including any building or means of

transportation, knowing and in reckless disregard of the fact that the aliens have come to,

entered and remained in the United States in violation of law, in violation of Title 8,

United States Code, Section 1324 (a)(1)(A)(iii); and

c.      To encourage and induce aliens to reside in the United States, knowing and

in reckless disregard of the fact that such residence in the United States is and will be in

violation of law, in violation of Title 8, United States Code, Section 1324 (a)(1)(A)(iv).

## Background

(63)    It is relevant to this indictment that the defendant, **Jianjun Ma a/k/a**

**"Paul,"** owned and operated the Tai Shan Enterprise (Tai Shan), located at 9115 Bellaire

Blvd., #119, Houston, Texas.  **Liang Gao, Shoufang Jiang, Jiang Ping Zhang,** and **Guo**

**Le Chen,** worked for **Jianjun Ma a/k/a "Paul"** and Tai Shan.

## Objects and Purposes of the Conspiracy

(64)    The objects and purposes of this conspiracy were that **Jianjun Ma, a/k/a**

**"Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen, Xianghong**

**Sun, Wen Jian Wen, Xiao Feng Zhu, Yan Mao, Yip Keung Leung, Selena Feng,**

**Zongxian Zhu, Jing Heng Jiang, Hua Lin, Houng Chen,** and **Jin Zhu Fang,**

defendants herein, would and did:

a.    Accept, solicit, and recruit unauthorized alien laborers, and

individuals believed by the defendants, to be unauthorized alien laborers, for

employment in the United States.

b.    Arrange for and cause the unlawful employments of unauthorized

alien laborers primarily in Chinese restaurants in the United States for a fee.

c.    Transport, and cause the transportation of unauthorized alien

laborers within the United States for whom the defendants arranged employment

in the United States.

d.    House, and cause to be housed,  unauthorized alien laborers in

domiciles within the United States.

21

e.     Receive commercial advantage or private financial gain by employing, transporting, and harboring unauthorized alien laborers, and by arranging for the employment, transportation, and housing of unauthorized alien laborers in the United States.

## MANNER AND MEANS

It was part of the conspiracy that:

(65)   Owners or operators of restaurants, usually Chinese restaurants, within the United States, would and did routinely hire unauthorized alien laborers in order to staff their operations and businesses, thereby cutting costs and maximizing profits. In general, these owners and operators of restaurants worked the unauthorized alien laborers long hours, paid the unauthorized aliens in cash, and did not withhold state or federal taxes, and they did not require the unauthorized aliens to present documents establishing identity and employment eligibility as required by law. As an incentive, and in order to remain competitive, these restaurant owners / operators often provided housing, board, and transportation to their unauthorized alien laborers. These restaurant owners/operators would and did contact Tai Shan in order to obtain unauthorized alien labor for their restaurant operations.

(66)   Defendants, **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen, Xianghong Sun, Wen Jian Wen,** and **Xiao Feng Zhu,** while operating and acting on behalf of Tai Shan, accepted, solicited, and recruited unauthorized alien laborers in order to "broker" those unauthorized aliens to restaurant

owners / operators in need of employees. Defendants, **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen, Xianghong Sun, Wen Jian Wen,** and **Xiao Feng Zhu** obtained unauthorized alien laborers through various means, including solicitation through advertisements in regional ethnic newspapers, direct referral from other unauthorized aliens, and recruitment by **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen, Xianghong Sun, Wen Jian Wen, Xiao Feng Zhu,** and others on behalf of Tai Shan. **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen, Xianghong Sun, Wen Jian Wen,** and **Xiao Feng Zhu,** also accepted unauthorized alien laborers on a "walk-in" basis. These unauthorized alien laborers, who were not authorized to obtain employment in the United States, remained and resided in the United States in violation of law.

(67)   The defendant, **Jianjun Ma, a/k/a "Paul,"** housed some of the unauthorized alien laborers who were seeking employment through the Tai Shan Enterprise, in his office and apartments until defendant **Jianjun Ma, a/k/a "Paul,"** could place the unauthorized aliens for employment.

(68)   The defendant, **Jianjun Ma, a/k/a "Paul,"** charged the unauthorized alien laborers a commission fee for the job placement. The commission fee was paid to the defendants by the unauthorized alien laborers or by the prospective employer and later deducted from the aliens' wages. In addition to the commission fee, **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen, Xianghong Sun, Wen Jian Wen, Xiao Feng Zhu,** and others known and unknown, would charge

the unauthorized alien laborers a transportation fee for transportation to the prospective place of employment.

(69)   **Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen, Xianghong Sun, Wen Jian Wen, Xiao Feng Zhu,** and others known and unknown, transported or arranged for the transportation of the unauthorized aliens at **Jianjun Ma's a/k/a "Paul's"** direction by way of privately owned vehicles to restaurants and other local job sites: (i) located within the Eastern District of Texas; (ii) to job locations elsewhere, via transportation of the unauthorized aliens through the Eastern District of Texas or, (iii) to job locations elsewhere in the United States both inside and outside the State of Texas.

(70)   **Yan Mao, Yip Keung Leung, Selena Feng, Zongxian Zhu, Jing Heng Jiang, Hua Lin, Houng Chen,** and **Jin Zhu Fang**, and others known and unknown operated or were affiliated with Chinese cuisine restaurants in the Eastern District of Texas, and elsewhere.

(71)   **Yan Mao, Yip Keung Leung, Selena Feng, Zongxian Zhu, Jing Heng Jiang, Hua Lin, Houng Chen, and Jin Zhu Fang** conspired, confederated, and combined with **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen, Xianghong Sun, Wen Jian Wen, Xiao Feng Zhu,** and others known and unknown employed by Tai Shan to arrange for the transportation, delivery of unauthorized aliens to Chinese restaurants they operated or were affiliated with.

All in violation of 8 U.S.C. § 1324 (a)(1)(A)(v)(I).

## OVERT ACTS

(72)    In furtherance of the conspiracy and to effect the objects thereof, one or more of the defendants committed and caused to be committed the following overt acts in the Eastern District of Texas and elsewhere.

(73)    On or about June 25, 2010, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, encouraged and induced, and caused the harboring, of a confidential source, who was posing as an unauthorized alien, by offering him / her a job in a Chinese restaurant in the state of Arkansas.

(74)    On or about March 15, 2011, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of a confidential source, who was posing as an unauthorized alien, by offering him / her job in a Chinese restaurant within the state of Texas.

(75)    On or about March 16, 2011, **Jianjun Ma, a/k/a "Paul"** and **Xianghong Sun,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien at a Chinese restaurant in Bastrop, Texas.

(76)    From on or about March 16, 2011, through on or about April 2, 2011, **Jianjun Ma, a/k/a "Paul," Xianghong Sun,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of a confidential source, who was posing as an unauthorized alien, at China Café, Chinese restaurant, 1417 Austin Ave., Brownwood, Texas, for the benefit of **Yan Mao** and **Yip Keung Leung**.

(77)   On or about March 16, 2011, **Jianjun Ma, a/k/a "Paul," Xianghong Sun,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien at China Café, Chinese restaurant, 1417 Austin Ave., Brownwood, Texas, for the benefit of **Yan Mao** and **Yip Keung Leung.**

(78)   From on or about May 11, 2011, through on or about May 19, 2011, **Jianjun Ma, a/k/a "Paul," Guo Le Chen,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of a confidential source, who was posing as an unauthorized alien, at Asian City, Asian restaurant, 2732 North St., Nacogdoches, Texas, Eastern District of Texas, for the benefit of **Selena Feng** and **Zongxian Zhu.**

(79)   On or about May 11, 2011, **Jianjun Ma, a/k/a "Paul," Guo Le Chen,** and others known and unknown, encouraged and induced, and caused the harboring and transport of two (2) unauthorized aliens to Nacogdoches, Texas, Eastern District of Texas.

(80)   On or about June 6, 2011, **Jianjun Ma, a/k/a "Paul," Guo Le Chen,** and others known and unknown, encouraged and induced, and caused the harboring and transport of two (2) unauthorized aliens to Wise County, Texas.

(81)   On or about July 6, 2011, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, encouraged and induced, and caused the harboring of a confidential source who was posing as an unauthorized alien while attempting to place him / her for employment in a Chinese restaurant.

26

(82)   From on or about July 7, 2011, through on or about July19, 2011, **Jianjun Ma, a/k/a "Paul," Wen Jian Wen,** and others known and unknown, encouraged and induced, and caused the harboring and transport through the Eastern District of Texas and job placement of a confidential source, who was posing as an unauthorized alien, at China Star, Chinese restaurant, 2058 E. Madison Ave., Bastrop, Louisiana, for the benefit of **Jing Heng Jiang.**

(83)   On or about July 7, 2011, **Jianjun Ma, a/k/a "Paul," Wen Jian Wen,** and others known and unknown, encouraged and induced, and caused the harboring and transport of two (2) unauthorized aliens through the Eastern District of Texas to Bastrop, Louisiana.

(84)   On or about January 11, 2012, **Jianjun Ma, a/k/a "Paul," Guo Le Chen** and others known and unknown, encouraged and induced, and caused the harboring and transportation of an unauthorized alien in Houston, Texas.

(85)   On or about January 11, 2012, **Jianjun Ma, a/k/a "Paul," Jiang Ping Zhang,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien through the Eastern District of Texas to Super Taste China Buffet, Chinese restaurant, 4041 Highway 1 South, Port Allen, Louisiana, for the benefit of **Hua Lin.**

(86)   From on or about January 16, 2012, through on or about January 19, 2012, **Jianjun Ma, a/k/a "Paul"** and **Hua Lin,** and others known and unknown, encouraged and induced, and caused the harboring, and employment of an unauthorized alien at

27

Super Taste China Buffet, Chinese restaurant, 4041 Highway 1 South, Port Allen, Louisiana.

(87)   From on or about July 2011, through on or about January 19, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien at Super Taste China Buffet, Chinese restaurant, 4041 Highway 1 South, Port Allen, Louisiana, via transport through the Eastern District of Texas, for the benefit of **Hua Lin**.

(88)   From on or about November 2011, through on or about January 19, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized aliens at Super Taste China Buffet, Chinese restaurant, 4041 Highway 1 South, Port Allen, Louisiana, via transport through the Eastern District of Texas, for the benefit of **Hua Lin**.

(89)   From on or about March 6, 2012, through on or about March 8, 2012, **Jianjun Ma, a/k/a "Paul," Xiao Feng Zhu,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of a confidential source, who was posing as an unauthorized alien, to New China Buffet and Grill, Chinese restaurant, 1910 Veterans Memorial Dr., Abbeville, Louisiana, via the Eastern District of Texas, for the benefit of **Houng Chen** and **Jin Zhu Fang**.

(90)   On or about May 30, 2012, **Jianjun Ma, a/k/a "Paul," Guo Le Chen,** and others known and unknown, encouraged and induced, and caused the harboring and transportation of an unauthorized alien in Houston, Texas.

(91)    From on or about December 2011, through on or about June 14, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien at a Chinese restaurant in Nederland, Texas, Eastern District of Texas.

(92)    From on or about September 2011, through on or about June 14, 2012, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien at a Chinese restaurant in Nederland, Texas, Eastern District of Texas.

(93)    On or about November 6, 2012, **Jianjun Ma, a/k/a "Paul," Liang Gao,** and others known and unknown, encouraged and induced, and caused the harboring and transport of two (2) unauthorized aliens to Luling, Texas and then to a Chinese restaurant in Bandera, Texas where one (1) unauthorized alien was delivered for employment.

(94)    From on or about December 11, 2012, through on or about December 27, 2012 , **Jianjun Ma, a/k/a "Paul," Liang Gao,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien to a Chinese restaurant in Dallas, Texas.

(95)    From on or about December 15, 2012, through on or about January 11, 2013, **Jianjun Ma, a/k/a "Paul," Shoufang Jiang ,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien to a Chinese restaurant in Pleasanton, Texas.

(96)    On or about December 17, 2012, **Jianjun Ma, a/k/a "Paul," Shoufang Jiang,** and others known and unknown, encouraged and induced, and caused the

29

harboring, transport to and job placement of an unauthorized alien to a Chinese restaurant in Houston, Texas.

(97)   From on or about December 17, 2012, through on or about January 16, 2013, **Jianjun Ma, a/k/a "Paul," Jiang Ping Zhang**, and others known and unknown, encouraged and induced, and caused the harboring and transportation of an unauthorized alien, through the Eastern District of Texas, to a Chinese restaurant in Minden, Louisiana where the unauthorized alien was delivered for employment.

(98)   On or about December 17, 2012, **Jianjun Ma, a/k/a "Paul," Jiang Ping Zhang,** and others known and unknown, encouraged and induced, and caused the harboring, transport to and job placement of an unauthorized alien to a Chinese restaurant in Ruston, Louisiana.

(99)   From on or about December 19, 2012, through on or about January 4, 2013, **Jianjun Ma, a/k/a "Paul," Jiang Ping Zhang,**  and others known and unknown, encouraged and induced, and caused the harboring and transportation of an unauthorized alien, through the Eastern District of Texas, to a Chinese restaurant in St. Martinsville, Louisiana.

(100)   On or about December 19, 2012, **Jianjun Ma, a/k/a "Paul," Jiang Ping Zhang,** and others known and unknown, encouraged and induced, and caused the harboring and transportation of an unauthorized alien, through the Eastern District of Texas, to St. Martinsville, Louisiana.

(101)   On or about December 22, 2012, **Jianjun Ma, a/k/a "Paul," Jiang Ping Zhang, Shoufang Jiang,** and others known and unknown, encouraged and induced, and

caused the harboring of unauthorized aliens at Tai Shan, 9115 Bellaire Blvd. #119, Houston, Texas.

(102)  On or about December 26, 2012, **Jianjun Ma, a/k/a "Paul," Jiang Ping Zhang, Shoufang Jiang,** and others known and unknown, encouraged and induced, and caused the harboring of unauthorized aliens at Tai Shan, 9115 Bellaire Blvd. #119, Houston, Texas.

(103)  On or about December 28, 2012, **Jianjun Ma, a/k/a "Paul," Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen,** and others known and unknown, encouraged and induced, and caused the harboring of unauthorized aliens at Tai Shan, 9115 Bellaire Blvd., #119, Houston, Texas.

(104)  On or about January 2, 2013, **Jianjun Ma, a/k/a "Paul," Shoufang Jiang,** and others known and unknown, encouraged and induced, and caused the harboring of unauthorized aliens at Tai Shan, 9115 Bellaire Blvd. #119, Houston, Texas.

(105)  On or about January 3, 2013, **Jianjun Ma, a/k/a "Paul," Shoufang Jiang,** and others known and unknown, encouraged and induced, and caused the harboring of unauthorized aliens at Tai Shan, 9115 Bellaire Blvd. #119, Houston, Texas.

(106)  On or about January 8, 2013, **Jianjun Ma, a/k/a "Paul," Jiang Ping Zhang,** and others known and unknown, encouraged and induced, and caused the harboring, transport of an unauthorized alien, through the Eastern District of Texas, to San Jacinto County, Texas.

(107)  From on or about November 2012, through on or about January 10, 2013, **Jianjun Ma, a/k/a "Paul,"** and others known and unknown, encouraged and induced,

and caused the harboring, transport to and job placement of an unauthorized alien at a

Chinese restaurant in Bandera, Texas.

(108)  On or about June 5, 2013, **Jianjun Ma, a/k/a "Paul," Shoufang Jiang,**

and others known and unknown, encouraged and induced, and caused the harboring,

transport to and job placement of unauthorized aliens at Tai Shan, 9115 Bellaire Blvd.

#119, Houston, Texas.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 18 U.S.C. §§ 1963(a)(1),(2),(3)

### RICO FORFEITURE

(1)  The allegations contained in Count One of this indictment are hereby

repeated, re-alleged, and incorporated by reference herein as though fully set forth at

length for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C.

§ 1963 and 28 U.S.C. § Section 2461(c).  Pursuant to Rule 32.2, Fed. R. Crim. P., notice

is hereby given to the defendants that the United States will seek forfeiture as part of any

sentence in accordance with 18 U.S.C. § 1963 in the event of any defendant's conviction

under Count One of this Indictment.

(2)  The defendants, **Jianjun Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang,**

**Jiang Ping Zhang, Guo Le Chen**,:

      a.  have acquired and maintained interests in violation of 18 U.S.C.

§ 1962, which interests are subject to forfeiture to the United States pursuant to 18

U.S.C. § 1963(a)(1);

b.      have an interest in, security of, claims against, and property and

contractual rights which afford a source of influence over, the enterprise named

and described herein which the defendants established, operated, controlled,

conducted, and participated in the conduct of, in violation of 18 U.S.C. § 1962,

which interests, securities, claims, and rights are subject to forfeiture to the United

States pursuant to 18 U.S.C. § 1963 (a)(2);

c.      have property constituting and derived from proceeds obtained,

directly and indirectly, from racketeering activity, in violation of  18 U.S.C.

§ 1962, which property is subject to forfeiture to the United States pursuant to 18

U.S.C. § 1963(a)(3);

(3)      The interests of the defendants subject to forfeiture to the United States

pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2), and (a)(3), include but are not limited to:

a.      at least Seven-Hundred-Fifty-Thousand dollars ($750,00.00)

(4)      If any of the property described in paragraphs 2 and 3 above, as a result of

any act or omission of a defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value;  or

e.      has been commingled with other property which cannot be divided

without difficulty;

the court shall order the forfeiture of any other property of the defendants up to the value

of any property set forth in paragraphs 2 and 3 above, pursuant to 18  U.S.C. § 1963(m),

including but not limited to:

      a.      Residence of defendant, **Jianjun Ma, a/k/a "Paul,"** described as:

Real property with improvements and appurtenances located at 5147 Beechnut St.,

Houston, Harris County, TX 77096, titled in the name of Jian Jun Ma and spouse

Bo Qin Zhang, legally described as:

      Lot four (4), in block fourteen (14), of Meyerland, Section two (2), A

subdivision in Harris County, Texas, according to the map or plat thereof,

recording in volume 48, page 30 of the map records of Harris County, Texas.

      (5)      The above-named defendants, and each of them, are jointly and severally

liable for the forfeiture obligations as alleged above.  All pursuant to 18 U.S.C. § 1963.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 8 U.S.C. § 1324,

      Upon conviction of conviction of conspiracy to transport aliens as alleged in Count

Two of this indictment, pursuant to  8 U.S.C. § 1324 (3)(B)(4)(b)(1) defendants,  **Jianjun**

**Ma, a/k/a "Paul," Liang Gao, Shoufang Jiang, Jiang Ping Zhang, Guo Le Chen,**

**Xianghong Sun, Wen Jian Wen, Xiao Feng Zhu, Yan Mao, Yip Keung Leung,**

**Selena Feng, Zongxian Zhu, Jing Heng Jiang, Hua Lin, Houng Chen,** and **Jin Zhu**

**Fang,** shall forfeit to the United States any property constituting, or derived from,

proceeds obtained directly, or indirectly, as a result of the said violation including but not

limited to the following:

**Money Judgment**

One-million-seven-hundred-thousand dollars ($1,700,000.00)

**Real Property**

(1)     Real property with improvements and appurtenances located at 5147

Beechnut St., Houston, Harris County, TX 77096, titled in the name of Jian Jun Ma and

spouse Bo Qin Zhang, legally described as:

Lot four (4), in block fourteen (14), of Meyerland, Section two (2), A subdivision

in Harris County, Texas, according to the map or plat thereof, recording in volume 48,

page 30 of the map records of Harris County, Texas.

(2)     Real property with improvements and appurtenances located at 110

Northline Dr., Early, Brown County, TX 76802, titled in the name of Yan Mao and Lai

Chao Mao legally described as:

Being all of lots 24 and 25, Block 3, Homewood, and addition to the City of Early,

Brown County, Texas as shown by plat of record in volume 1, page 170,  plat records,

Brown County, Texas; Together with that one certain manufactured home described as a

Buddy Model manufactured by Skyline Waco Certificate # 00438033, Label #

TEX0034045, Serial # 04550394L, 784 Square Foot, 15,900 Lbs., 14' X 56' Section, the

title to which is canceled to said real property above described.

(3)     Real property with improvements and appurtenances located at 2732 North

St., Nacogdoches, Nacogdoches County, TX 75965, titled in the name of Zong Xian Zhu,

legally described as:

Being all of lot 2A of the Continental Inn Subdivision, an addition to the County

of Nacogdoches, Nacogdoches County, Texas, as set out and delineated on the map and

plat as said subdivision of record in volume 8, page 49, map and plat records of

Nacogdoches County, Texas, and being part of the land described in a deed from O.T.S.,

Inc., a Texas corporation to P. M. Hospitality Inc, a Texas corporation, dated May 13,

1994, recorded in volume 882, page 365, real property records, Nacogdoches County,

Texas.

(4)     Real property with improvements and appurtenances located at 6161

Polaris Dr., Bastrop, Morehouse Parish, LA 71220, titled in the name of Jing Heng Jiang,

legally described as:

Being all of Lot G of Space Estates Unit #4 as per plat filed in Official Plat Book

5, page 55 of records of Morehouse Parish, Louisiana.

(5)     Real property with improvements and appurtenances located at 1910

Veterans Memorial, Abbeville, Vermilion Parish, LA 70510, titled in the name of Jin Zhu

Fang, legally described as:

That certain tract of land together with all buildings, improvements, rights and

ways situated in the City of Abbeville, Third Ward of Vermillion Parish, State of

Louisiana, Township 12 South, Range 3 East, Section 47, and being more fully described

as:  Commencing at a point being the intersection of the west right of way line of Jean

Lafitte Road with the south right-of-way line of Louisiana State Highway No. 14 By-

Pass, also known as Veterans Memorial Boulevard, thence North 67 degrees 43 minutes

46 seconds West, a distance of 37.65 feet to a concrete right of way monument, thence

North 79 degrees 42 minutes 00 seconds along the south right of way of Louisiana State

Highway 14 By-Pass, a distance of 598.78 feet to the point of beginning. Thence South

15 degrees 58 minutes 03 seconds West, a distance of 318.10 feet to a point; thence North

79 degrees 40 minutes 08 seconds West, a distance of 134.99 feet to a point; thence North

15 degrees 58 minutes 03 seconds East, a distance of 318.03 feet to a point on the south

right of way of Louisiana State Highway No. 14 By-Pass; thence along the south right of

way of Louisiana State Highway No. 14 By-Pass, South 79 degrees 42 minutes 00

seconds East, a distance of 135 feet to the point of beginning.

     (6)    Real property with improvements and appurtenances located at 12406 Beau

Soleil, Abbeville, Vermilion Parish, LA 70510, titled in the name of Jin Zhu Fang and

Houng Chen (Intervening Spouse), legally described as:

    That certain lot or parcel of ground, together with all building and improvements

thereon, all of the right, ways, privileges, servitudes, appurtenances and advantages

thereunto belonging or in anywise appertaining, situated in the Northeast Quarter (NE1/4)

of Fractional Section 8, Township 12 South, Range 3 East, Ninth (9th) ward of Vermilion

Parish, State of Louisiana, being known and designated as Lot 15 of Bean Soleil

Subdivision, Phase I, as shown and set forth in that certain plat of survey prepared by

Primeaux & Associates, Inc., Profession Land Surveyor, dated August 25, 2005, a copy

of which is attached to the Act of Dedication of said Subdivision or record under Entry

Number 20604536 of the Conveyance Records of Vermilion Parish, Louisiana.  Property

bearing the municipal address of 12406 Beau Soleil Drive, Abbeville, Louisiana, 70510.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value;  or

      e.     has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendant(s) any and all interest the defendant(s) has/have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. §§ 853.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
John A. Craft
Assistant United States Attorney

_____
Date

38

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 1:13-CR- 117 |
| | § | (JUDGE THAD HEARTFIELD) |
| JIANJUN MA (1) | § | |
| a/k/a "Paul" | § | |
| LIANG GAO (2) | § | |
| SHOUFANG JIANG (3) | § | |
| JIANG PING ZHANG (4) | § | |
| GUO LE CHEN (5) | § | |
| XIANGHONG SUN (6) | § | |
| WEN JIAN WEN (7) | § | |
| XIAO FENG ZHU (8) | § | |
| YAN MAO (9) | § | |
| YIP KEUNG LEUNG (10) | § | |
| SELENA FENG (11) | § | |
| ZONGXIAN ZHU (12) | § | |
| JING HENG JIANG (13) | § | |
| HUA LIN (14) | § | |
| HOUNG CHEN (15) | § | |
| JIN ZHU FANG (16) | § | |

## NOTICE OF PENALTY

### Count One

Violation: 18 U.S.C. § 1962 (c)

Penalty: Not more than 20 years imprisonment, a fine of not more than twice the gross profits or other proceeds, and supervised release for a period of not more than five years.

40

## Count Two

Violation:  8 U.S.C. § 1324 (a)

Penalty:    Not more than 10 years imprisonment, a fine of not more than $250,000.00 and supervised release for a period of not more than three years.

Special Assessment:  $100.00